2019 IL App (4th) 170779

NO. 4-17-0779

FILED
August 22, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| THOMAS V. RYBURN, | ) | No. 98CF1062 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the judgment of the court, with opinion.
Justices Cavanagh and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1        In November 2015, defendant, Thomas V. Ryburn, filed a *pro se* motion for leave to file a successive postconviction petition. The McLean County circuit court allowed defendant to file his successive postconviction petition and later moved the petition to the second stage of the postconviction proceedings. At the second stage, defendant was appointed counsel who filed an amended successive postconviction petition. The State filed a motion to dismiss defendant's amended successive postconviction petition. In September 2017, the court entered a written order dismissing defendant's successive postconviction petition.

¶ 2        Defendant appeals, contending the circuit court erred by dismissing his amended successive postconviction petition. We reverse and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4       In October 1998, the State charged defendant with four counts each of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 1998)), criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 1998)), and aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 1998)) for his actions on September 8, 1998. At an October 1999 guilty-plea hearing, defendant pleaded guilty to three counts of aggravated criminal sexual assault pursuant to a plea agreement, under which the State agreed (1) to dismiss the remaining nine counts and other unrelated charges against defendant, (2) to recommend an aggregate sentence totaling no more than 60 years, and (3) the circuit court would not impose a fine on defendant. After fully admonishing defendant and hearing the State's factual basis, the circuit court accepted defendant's guilty pleas. At the plea hearing, defendant was represented by Assistant Public Defender Kim Campbell.

¶ 5       In November 1999, the circuit court sentenced defendant to 20 years in prison on each count of aggravated criminal sexual assault, with those sentences to be served consecutively (730 ILCS 5/5-8-4(a) (West 1998)). In December 1999, defendant filed a motion to withdraw his guilty pleas, alleging he did not enter them knowingly and voluntarily. Following a February 2000 hearing, the court denied defendant's postplea motion.

¶ 6       Defendant appealed and argued, *inter alia*, (1) section 5-8-4(a) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a) (West 1998)), which required the imposition of consecutive sentences in his case, was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and (2) the circuit court erred by finding him fit. This court affirmed defendant's convictions and 60-year aggregate sentence. *People v. Ryburn*, 321 Ill. App. 3d 1068, 797 N.E.2d 252 (2001) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7       In June 2002, defendant filed *pro se* his first petition for relief under the Post-

Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2002)). The petition raised the following constitutional claims: (1) defendant received ineffective assistance of guilty-plea counsel in that counsel (a) failed to raise a speedy-trial claim, (b) failed to call certain alibi witnesses, (c) failed to present evidence to corroborate the purported alibi, (d) failed to obtain police records that allegedly showed the victim had a motive to fabricate her complaint against defendant, and (e) stipulated defendant was fit to plead guilty and (2) he received ineffective assistance of appellate counsel because counsel failed to raise on appeal the aforementioned issues. Later in June 2002, the circuit court summarily dismissed the petition as frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2002). Defendant filed a notice of appeal, and the circuit court appointed the Office of the State Appellate Defender (OSAD) to serve as defendant's counsel. In March 2003, OSAD moved to withdraw as counsel. This court granted OSAD's motion to withdraw as counsel on appeal and affirmed the circuit court's dismissal of defendant's initial postconviction petition. *People v. Ryburn*, No. 4-02-0552 (July 29, 2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        In July 2004, defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)), seeking to set aside his October 1999 guilty pleas. Defendant first argued he received ineffective assistance of guilty-plea counsel in that counsel (1) "fraudulently concealed [the circuit court's] violation of the guilty plea" agreement when the court imposed fines and ordered that defendant pay restitution; (2) violated several rules of professional conduct; (3) did not consult with him about what issues he wanted to raise in his motion to withdraw his guilty pleas; (4) filed an Illinois Supreme Court Rule 604(d) (eff. Aug. 1, 1992) certificate that was "suspect"; (5) "fraudulently concealed" defendant's medical records, mental-health history, and certain exculpatory evidence; (6) failed to argue his consecutive

sentences were improper; and (7) failed to argue defendant's "legal innocents [*sic*]" in his motion to withdraw his guilty pleas. Defendant also contended the circuit court violated several supreme court rules by failing to provide him with a free transcript of proceedings and his consecutive sentences violated *Apprendi*. In August 2004, the circuit court *sua sponte* dismissed defendant's section 2-1401 petition, finding it was frivolous and without merit. Defendant appealed, and this court affirmed. *People v. Ryburn*, 362 Ill. App. 3d 870, 841 N.E.2d 1013 (2005). Defendant filed a petition for leave to appeal to the supreme court. On September 26, 2007, the Illinois Supreme Court denied defendant's petition for leave to appeal but directed this court to vacate our judgment and to reconsider it in light of *People v. Vincent*, 226 Ill. 2d 1, 871 N.E.2d 17 (2007). *People v. Ryburn*, 225 Ill. 2d 666, 873 N.E.2d 932 (2007) (supervisory order). In accordance with the supreme court's directions, this court vacated our prior judgment, reconsidered it in light of *Vincent*, and again affirmed the circuit court's dismissal. *People v. Ryburn*, 378 Ill. App. 3d 972, 884 N.E.2d 1178 (2008).

¶ 9        Defendant continued to file numerous motions and petitions attacking his guilty pleas. The ones brought under the Postconviction Act are set forth below.

¶ 10        In July 2010, defendant filed his first motion for leave to file a successive postconviction petition, arguing, *inter alia*, actual innocence based on the defense of involuntary intoxication. The circuit court denied defendant's motion and struck the amended motion for leave to file a successive postconviction petition that was filed after the court's judgment on the original motion. Defendant appealed, but on defendant's own motion, this court dismissed the appeal. *People v. Ryburn*, No. 4-10-0980 (Jan. 27, 2012) (nonprecedential motion order).

¶ 11        In December 2011, defendant filed a second motion for leave to file a successive postconviction petition, again raising a claim of involuntary intoxication and an argument the

court imposed mandatory fines without any admonishments. Defendant filed an amended motion for leave to file a successive postconviction petition in April 2012, which asserted his plea agreement was void because his sentence exceeded the agreed upon cap due to a mandatory supervised release term of three years. In February 2013, defendant filed a second amended motion for leave to file a successive postconviction petition. On August 2013, the circuit court entered an order denying defendant's second amended motion for leave to file a successive postconviction petition. Defendant appealed the denial, but on defendant's own motion, this court dismissed the appeal. *People v. Ryburn*, No. 4-13-0778 (Mar. 31, 2015).

¶ 12 In December 2014, defendant filed his third motion for leave to file a successive postconviction petition, contending his plea agreement was void because a May 1999 forensic report indicated no evidence existed supporting the second and third counts of his indictment. The circuit court denied defendant's third motion for leave to file a successive postconviction petition. Defendant appealed the denial. However, he again moved to dismiss his appeal, and this court dismissed the appeal. *People v. Ryburn*, No. 4-15-0132 (May 31, 2017).

¶ 13 In November 2015, defendant filed his fourth motion for leave to file a successive postconviction petition, which is at issue in this appeal. In his successive postconviction petition, defendant alleged he filed a complaint against Campbell with the Attorney Registration and Disciplinary Commission (ARDC). In her August 2014 response to ARDC, Campbell stated the State had tendered a plea offer of 24 years' imprisonment on December 9, 1998. Defendant alleged he had not been informed of the December 1998 offer. In June 2015, defendant submitted a request under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2014)) to the McLean County State's Attorney, seeking information about the December 1998 offer. The state's attorney granted defendant's request, and defendant received a document

showing the 24-year offer was formally made to the McLean County public defender's office on December 9, 1998. Defendant asserted no one at the public defender's office conveyed the 24-year offer to him, which resulted in him receiving 36 more years in prison. Defendant attached the state's attorney's response to his FOIA request. In a March 9, 2016, docket order, the circuit court allowed defendant to file his successive postconviction petition and moved the petition to the first stage of the postconviction proceedings. On September 1, 2016, the court entered an order moving the petition to the second stage of the postconviction proceedings.

¶ 14 At the second stage of the postconviction proceedings, defendant was represented by appointed counsel, Kelly Harms. In April 2017, Harms filed an amended successive postconviction petition, raising claims of ineffective assistance of (1) guilty-plea counsel for counsel's failure to inform defendant of the State's December 1998 plea offer and (2) appellate counsel for failing to raise the claim of ineffective assistance of guilty-plea counsel. With the amended successive postconviction petition, Harms filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). In July 2017, the State filed a motion to dismiss defendant's amended successive postconviction petition, asserting defendant should not have been granted leave to file the successive postconviction petition because he did not satisfy both cause and prejudice. The next month, defendant sent a letter to the court complaining about Harms's representation of him.

¶ 15 On August 31, 2017, the circuit court held a hearing on the State's motion to dismiss. The court began by holding a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), to address the complaints defendant raised against Harms. After allowing defendant to voice his complaints and Harms to respond, the court found no basis for defendant's contentions and did not appoint new counsel. The court then heard arguments on the

State's motion to dismiss and took the matter under advisement. On September 21, 2017, the court entered a written order dismissing defendant's amended successive postconviction petition. It concluded defendant did not establish the cause element because he had failed to show any objective factor that impeded his ability to raise his claim during his initial or subsequent postconviction proceedings.

¶ 16 On October 18, 2017, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 17 II. ANALYSIS

¶ 18 Here, defendant appeals from the circuit court's judgment granting the State's motion to dismiss defendant's amended successive postconviction petition.

¶ 19 Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2014)) governs successive postconviction petitions and provides the following:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows

prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909.

¶ 20 With a motion for leave to file a successive postconviction petition, the court is just conducting "a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24, 102 N.E.3d 114. The court is only to ascertain "whether defendant has made a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. If the defendant did make a *prima facie* showing, the court grants the defendant leave to file the successive postconviction petition. *Bailey*, 2017 IL 121450, ¶ 24. When the court does so, the successive postconviction petition advances to "the three-stage process for evaluating postconviction petitions." *Bailey*, 2017 IL 121450, ¶ 26. During that process, the State has "an opportunity to seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition." *Bailey*, 2017 IL 121450, ¶ 26.

¶ 21 At the first stage of the postconviction proceedings, the circuit court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). If it finds the petition is frivolous or patently without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2014). If the court does not dismiss the petition, it proceeds to the

second stage, where, if necessary, the court appoints the defendant counsel. *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73. In this case, the State did file a motion to dismiss, and the court granted that motion.

¶ 22 With the second stage of the postconviction proceedings, the circuit court is concerned only with determining whether the petition's allegations sufficiently show a constitutional infirmity that would necessitate relief under the Postconviction Act. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). At this stage, "the defendant bears the burden of making a substantial showing of a constitutional violation" and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473. "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. The court reviews the petition's factual sufficiency as well as its legal sufficiency in light of the trial court record and applicable law. *People v. Alberts*, 383 Ill. App. 3d 374, 377, 890 N.E.2d 1208, 1212 (2008). However, at a dismissal hearing, the court is prohibited from engaging in any fact-finding. *Coleman*, 183 Ill. 2d at 380-81. Thus, the dismissal of a postconviction petition at the

second stage is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *Coleman*, 183 Ill. 2d at 382. We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill. 2d at 473.

¶ 23                    A. Successive Postconviction Petitions and Guilty Pleas

¶ 24          Initially, we address the State's argument a defendant, who pleaded guilty and thus did not have a trial, can never file a successive postconviction petition. The State relies on the definition of prejudice contained in section 122-1(f)(2) of the Postconviction Act, which reads as follows: "a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the *trial* that the resulting conviction or sentence violated due process." (Emphasis added.) 725 ILCS 5/122-1(f)(2) (West 2014).

¶ 25          In construing a statute, this court's primary objective is to give effect to the legislature's intent. *People v. Tidwell*, 236 Ill. 2d 150, 156, 923 N.E.2d 728, 732 (2010). Our supreme court has recognized the legislature clearly intended section 122-1(f) of the Postconviction Act to be a codification of the cause-and-prejudice test adopted by it in *People v. Pitsonbarger*, 205 Ill. 2d 444, 793 N.E.2d 609 (2002). *Tidwell*, 236 Ill. 2d at 156. The definition of prejudice contained in section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2014)) is very similar to the one set forth in *Pitsonbarger*. The decision in *Pitsonbarger*, 205 Ill. 2d at 464, provides the following: "Prejudice, in this context, would occur if the petitioner were denied consideration of an error that so infected the entire *trial* that the resulting conviction or sentence violates due process." (Emphasis added.) The defendant in *Pitsonbarger* had been convicted of the murders of Claude and Alta Brown after a bench trial. *Pitsonbarger*, 205 Ill. 2d at 448. Thus, the use of the word "trial" would have been accurate in that case. Neither section

- 10 -

122-1(f) of the Postconviction Act nor *Pitsonbarger* expressly prohibit successive postconviction petitions in cases involving pleas of guilty.

¶ 26 The State notes the legislature used the broader term "proceedings" earlier in section 122-1(a)(1) of the Postconviction Act. However, as explained, section 122-1(f) is a codification of the cause-and-prejudice test adopted in a case that just happened to involve a guilty finding after a trial instead of a guilty plea. Thus, we do not find the difference in terms used by the legislature indicates it intended to limit successive postconviction petitions to defendants who were found guilty after a trial.

¶ 27 Moreover, our supreme court has not limited successive postconviction petitions to defendants who were found guilty after a trial. In *Guerrero*, 2012 IL 112020, ¶¶ 3, 15-22, the supreme court considered whether the defendant, who had pleaded guilty to first degree murder, had met the cause-and-prejudice test for leave to file his successive postconviction petition. Additionally, in a case where the defendant had entered into a negotiated guilty plea and raised a challenge to the circuit court's admonishments under Illinois Supreme Court Rule 605 (eff. Aug. 1, 1992) for the first time on appeal from the summary dismissal of his postconviction petition, the supreme court held the proper forum for the defendant's claim was a successive postconviction action. *People v. Jones*, 213 Ill. 2d 498, 508-09, 821 N.E.2d 1093, 1099 (2004).

¶ 28 Thus, we disagree with the State's assertion the word "trial" in the definition of prejudice precludes a defendant who pleaded guilty from filing a successive postconviction petition. Our conclusion is not inconsistent with our holding in *People v. Reed*, 2019 IL App (4th) 170090, ¶ 26, where we found a defendant cannot raise an actual innocence claim in a postconviction petition after pleading guilty. Our decision in *Reed* applied only to actual innocence claims and in no way addressed the cause and prejudice test contained in section 122-

1(f).

¶ 29          B. Merits of Defendant's Successive Postconviction Petition

¶ 30          In the State's motion to dismiss defendant's amended successive postconviction petition, it only asserted defendant failed to show both cause and prejudice. The court later found defendant failed to show cause. On appeal, defendant contends his amended successive postconviction petition made a substantial showing of both cause and prejudice. The State does not challenge defendant's contention.

¶ 31                                        1. *Cause*

¶ 32          Section 122-1(f)(1) of the Postconviction Act (725 ILCS 5/122-1(f)(1) (West 2014)) provides "a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." Thus, we examine whether defendant has shown an objective factor that impeded his ability to raise this issue in his initial postconviction petition.

¶ 33          In his amended successive postconviction petition, defendant raises two ineffective assistance of counsel claims related to a plea offer made by the State in December 1998. Defendant contends neither Campbell, his attorney at that time, nor the State disclosed the December 1998 plea offer to him. Defendant discovered the plea offer when Campbell mentioned it in her response to ARDC. Thereafter, defendant made his FOIA request to obtain a copy of the December 1998 plea offer, which he attached to his successive postconviction petition.

¶ 34          Citing *People v. Jellis*, 2016 IL App (3d) 130779, 50 N.E.3d 321, the circuit court found defendant's subjective ignorance of his claim did not justify cause. There, in showing cause, the defendant only alleged he was never made aware of the State's plea offer and had only

- 12 -

recently learned of it from a conversation with an unidentified individual. *Jellis*, 2016 IL App (3d) 130779, ¶ 26. The *Jellis* decision rejected the contention defendant's subjective ignorance of the plea offer showed cause. *Jellis*, 2016 IL App (3d) 130779, ¶ 26. It explained the defendant's unawareness of the State's plea offer could not be "an objective factor external to the defense" that prevented the defendant from bringing the claim in his initial postconviction petition. *Jellis*, 2016 IL App (3d) 130779, ¶ 26. Additionally, the *Jellis* decision noted the defendant only presented an "unsupported, ambiguous explanation" as to how he learned of the plea offer and found that explanation did not justify the defendant's failure to obtain the necessary information to raise his claim in his initial postconviction petition. *Jellis*, 2016 IL App (3d) 130779, ¶ 27.

¶ 35        As defendant notes, the cause and prejudice portion of the *Jellis* decision was not joined by the only concurring justice. See *Jellis*, 2016 IL App (3d) 130779, ¶ 47 (Holdridge, J., specially concurring). Thus, the *Jellis* decision is not precedential on the issue of cause and prejudice. See *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 845, 738 N.E.2d 574, 583 (2000) (explaining the limited precedential value of plurality decisions). Moreover, the facts of *Jellis* are distinguishable from this case. Here, defendant's explanation was not ambiguous and unsupported. Defendant learned of the plea offer in a letter that Campbell, his former attorney, wrote to ARDC. In his affidavit, defendant stated he did not know of the plea offer until he filed a complaint against Campbell with the ARDC. The State did not address this issue and thus did not argue defendant could have obtained the information about the plea offer in another manner. Thus, we find Campbell's alleged failure to inform defendant of the 24-year plea offer was an objective, external factor that prevented defendant from raising the issue in the initial postconviction petition.

¶ 36        On the facts alleged in defendant's amended successive postconviction petition,

we conclude defendant did make a substantial showing of cause in this case.

¶ 37                                    2. *Prejudice*

¶ 38        As previously discussed, section 122-1(f)(2) of the Postconviction Act (725 ILCS 5/122-1(f)(2) (West 2014)) provides prejudice is shown "by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." Here, defendant alleged his guilty-plea counsel was ineffective for failing to inform him of the December 1998 plea offer for 24 years' imprisonment in exchange for his plea of guilty to two counts of aggravated criminal sexual assault.

¶ 39        Our supreme court has "recognized a sixth amendment right to effective assistance of counsel during plea negotiations." *People v. Hale*, 2013 IL 113140, ¶ 16, 996 N.E.2d 607. This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999).

¶ 40        To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93.

¶ 41    As to the deficiency prong, the United States Supreme Court has held defense counsel has a duty to communicate to the defendant "formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). When defense counsel allows an offer to expire without advising the defendant or permitting him or her to consider it, the defense counsel fails to render effective assistance under the sixth amendment. *Frye*, 566 U.S. at 145. Here, defendant alleged the State made a 24-year offer and counsel failed to inform him of it. Defendant presented a copy of the State's 24-year offer and his own affidavit stating he was not informed of the offer. Accordingly, we find defendant has made a substantial showing of the deficiency prong of the *Strickland* test.

¶ 42    As to the prejudice prong in the context of a plea offer, the United States Supreme Court has held a defendant must show a reasonable probability of the following: (1) he or she would have accepted the plea offer but for counsel's deficient advice, (2) the plea would have been entered without the State canceling it, (3) the circuit court would have accepted the plea bargain, and (4) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147; see also *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). In this case, defendant has made a substantial showing at the second stage of the proceedings as to all four elements. First, in his amended successive postconviction petition, defendant alleged that, if he had known of the 24-year offer and had it been explained to him, he would have accepted the offer rather than take the chance he did at a sentencing hearing. Second, the 24-year plea offer itself explained the terms upon which it would be revoked. If defendant failed to tender a written plea agreement or secure an agreed continuance to the next status date, the offer would automatically be revoked at the status date. Thus, defendant has made a substantial showing the State would not have canceled the offer if

defendant had complied with its terms. Third, defendant alleged the court would likely have accepted the 24-year plea for the following reasons: (1) the plea would have saved time for the court, (2) the plea would have kept the teenage victim from having to testify during the sentencing hearing, and (3) defendant had a very minimal criminal history as it related to violence. Fourth, as defendant notes in his successive postconviction, he ended up receiving an aggregate sentence of 60 years' imprisonment, which is significantly more than the 24-year plea offer. Thus, defendant has made a substantial showing of ineffective assistance of counsel. Moreover, we find defendant's ineffective assistance claim constitutes an error infecting his plea proceedings so that the resulting convictions and/or sentences violated due process. See *People v. McCauley*, 163 Ill. 2d 414, 441, 645 N.E.2d 923, 937 (1994) (noting that, under Illinois law, due process requires an accused receive the benefit of counsel).

¶ 43    Since defendant made a substantial showing of both cause and prejudice, we agree with defendant the circuit court erred by granting the State's motion to dismiss. Defendant's successive postconviction petition should advance to the third stage of the postconviction proceedings for an evidentiary hearing. We note our conclusion is in no way an opinion on whether defendant will ultimately prevail on his claims of ineffective assistance of counsel.

¶ 44                                  III. CONCLUSION

¶ 45    For the reasons stated, we reverse the McLean County circuit court's judgment and remand for further postconviction proceedings.

¶ 46    Reversed; cause remanded.

**No. 4-17-0779**

| | |
|---|---|
| **Cite as:** | *People v. Ryburn*, 2019 IL App (4th) 170779 |
| **Decision Under Review:** | Appeal from the Circuit Court of McLean County, No. 98-CF-1062; the Hon. John Casey Costigan, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Gilbert C. Lenz, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Don Knapp, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |