Docket No. 104468.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EDWARD SMITH, Appellant.

*Opinion filed February 22, 2008.*

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Fitzgerald, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Edward Smith, pleaded guilty to possession of a controlled substance with intent to deliver. 720 ILCS 570/401(c)(2) (West 2002). The circuit court of Champaign County entered judgment against defendant and sentenced him to 10 years' imprisonment. The circuit court denied defendant's subsequent motion to withdraw his guilty plea, and the appellate court affirmed. *People v. Smith*, No. 4–05–0104 (2005) (unpublished order under Supreme Court Rule 23). Defendant thereafter filed a *pro se* pleading in the circuit court entitled "Motion to Correct Sentence," challenging the constitutionality of the term of mandatory supervised release (MSR) that had been imposed as part of his sentence. The court denied the motion *sua sponte*. The appellate court affirmed. 371 Ill. App. 3d 817.

We granted leave to appeal (210 Ill. 2d R. 315), and now remand the cause to the appellate court with directions.

BACKGROUND

In December 2003 the State charged defendant with unlawful possession with intent to deliver more than 1 gram but less than 15 grams of a substance containing cocaine–a Class 1 felony–in violation of section 401(c)(2) of the Illinois Controlled Substances Act (720 ILCS 570/401(c)(2) (West 2002)). Because of defendant's prior convictions, he was subject to sentencing as a Class X offender, pursuant to section 5–5–3(c)(8) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5–5–3(c)(8) (West 2002)). On November 10, 2004, defendant pleaded guilty in exchange for the State's recommendation, *inter alia*, that he be sentenced to 10 years' imprisonment and given credit for 125 days already served in custody. During the plea colloquy, the circuit court admonished defendant as to his possible sentence. Included in the court's admonishments was a warning that, if defendant were sent to prison, "there is a period of mandatory supervised release of three years." The court asked defendant if he understood his potential maximum penalties, and defendant answered "Yes." Following the State's presentation of a factual basis, the circuit court accepted defendant's guilty plea, entered judgment against defendant, and sentenced him–in accordance with the plea agreement–to 10 years' imprisonment with credit for time served of 125 days.

In December 2004 defendant filed a *pro se* "petition to withdraw guilty plea" alleging, among other things, that (1) he was unaware that the MSR term was *in addition* to his 10-year prison term, rather than incorporated within it, and (2) the evidence was insufficient to sustain his conviction. Counsel was appointed to represent defendant, and counsel filed an amended motion to withdraw the guilty plea.[1] The circuit court denied the motion. On appeal, defendant's sole argument was that the factual basis presented by the State at the plea hearing was insufficient to sustain his conviction. The appellate court rejected

---

[1]According to the amended motion, it included a reassertion of "all facts, claims and arguments set forth in Defendant's pro se filing."

this argument, and affirmed the trial court's judgment. *People v. Smith*, No. 4–05–0104 (2005) (unpublished order under Supreme Court Rule 23).

In February 2006 defendant filed a *pro se* "Motion to Correct Sentence" and a memorandum of law in support. In this pleading and accompanying memorandum, defendant challenged the constitutionality of the term of MSR that had been imposed–in addition to his term of imprisonment–as part of his sentence. According to defendant, it was a violation of the Illinois and United States constitutions to require that a term of MSR be served *after* the successful completion of a judicially imposed sentence. Defendant alleged that, because his term of MSR was in *addition* to his term of imprisonment, rather than incorporated *within* it, his sentence "is void and does not compor[t] with the constitutions." Defendant asked the court to "encompass" his MSR term within his prison sentence. As alternative relief, defendant asked, among other things, that he be released from incarceration to serve the remainder of his sentence on MSR, or that his term of MSR be vacated.

The circuit court denied the motion *sua sponte*. In an order dated February 21, 2006, the court stated: "The Defendant's motion for sentence correction is denied by this court. Also, the court determines that the pleadings are frivolous and patently without merit."

On the same day, the court sent a letter to the warden of the prison where defendant was incarcerated, informing the warden of the court's finding and pointing specifically to section 3–6–3(d) of the Corrections Code (730 ILCS 5/3–6–3(d) (West 2002)). The letter stated: "Enclosed please find an Order denying Mr. Smith's motion for sentence correction. The Court considers this pleading to be frivolous and patently without merit. I am informing you of this pursuant to 730 ILCS 5/3–6–3(d) with regard to the inmate's good conduct credit."

Section 3–6–3(d) provides, in pertinent part:

> "If a lawsuit is filed by a prisoner *** against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections

shall conduct a hearing to revoke up to 180 days of good conduct credit by bringing charges against the prisoner sought to be deprived of the good conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3–3–2 of this Code. ***

\* \* \*

(2) 'Lawsuit' means a petition for post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963, a motion pursuant to Section 116–3 of the Code of Criminal Procedure of 1963, a habeas corpus action under Article X of the Code of Civil Procedure or under federal law (28 U.S.C. 2254), a petition for claim under the Court of Claims Act or an action under the federal Civil Rights Act (42 U.S.C. 1983)." 730 ILCS 5/3–6–3(d) (West 2002).

On March 16, 2006, defendant sent a letter to the clerk of the circuit court asking for a copy of the order denying his motion. In his letter, defendant stated that he "was written a discipline report for the motion, and the ticket said see the Judge's order."

On March 20, 2006, defendant timely filed a *pro se* notice of appeal. However, defendant's notice referred only to the circuit court's judgment of conviction on November 10, 2004, rather than the court's order denying his motion for sentence correction on February 21, 2006. In his brief to the appellate court, defendant identified the judgment appealed from as the circuit court's denial, on February 21, 2006, of his motion to correct sentence.

On appeal, defendant did not challenge the circuit court's finding that his motion was frivolous and patently without merit. Instead, defendant focused on the letter from the circuit court judge to the warden, which mentioned section 3–6–3(d) "with regard to the inmate's good conduct credit." According to defendant, the judge–in this letter–"advised the warden *** that due to the dismissal order, [defendant] was subject to loss of his good conduct credit under [section 3–6–3(d)]." Defendant argued that, in reaching this conclusion, the circuit court necessarily found that defendant's "Motion to Correct Sentence" was a "lawsuit" as defined in section 3–6–3(d) and therefore fell within the scope of that provision.

-4-

However, defendant noted that a "motion to correct sentence" was not among the causes of action defined as a "lawsuit" in section 3–6–3(d)(2). Accordingly, defendant argued that the circuit court erred in finding that defendant's "Motion to Correct Sentence" was a "lawsuit" for purposes of section 3–6–3(d). In defendant's view, he was not subject to the loss of good-conduct credit under this provision.

Defendant argued, in addition, that "it cannot be inferred that the circuit court recharacterized the motion as a post-conviction petition," which is one of the causes of action defined as a "lawsuit" in section 3–6–3(d). Defendant noted that, under *People v. Shellstrom*, 216 Ill. 2d 45 (2005), a circuit court must follow certain procedures before recharacterizing a *pro se* pleading as a first postconviction petition. According to defendant, the circuit court in the case at bar did not adhere to these procedures. In defendant's view, any recharacterization of his motion as a postconviction petition would have been improper.

Finally, defendant argued that the circuit court's determination that his motion was subject to section 3–6–3(d) was "an issue properly before this Court." According to defendant, the circuit court's characterization of his pleading as a "lawsuit" under section 3–6–3(d) was a precursor to the court's finding that his motion was frivolous and patently without merit. Defendant therefore argued that his "challenge to the circuit court's order denying his motion also properly includes a challenge to the court's finding that the motion was a 'lawsuit' as defined [in section 3–6–3(d)]."

The appellate court rejected defendant's argument that the circuit court erred in finding that his motion was a "lawsuit" under section 3–6–3(d). According to the appellate court, "the trial court appears to have treated the motion as a petition under the [Post-Conviction Hearing] Act, which is included in the definition of 'lawsuit' set forth in section 3–6–3(d)(2) ***." 371 Ill. App. 3d at 820. The appellate court also rejected defendant's argument that any recharacterization of his motion as a postconviction petition would have been improper. The court concluded that, in defendant's case, the circuit court was not required to follow *Shellstrom*'s recharacterization procedures. The appellate court affirmed, stating: "[T]he trial court did not err by treating defendant's motion as a postconviction petition, and thus it

-5-

also did not err in finding section 3–6–3(d) of the [Corrections] Code applied to defendant's motion." 371 Ill. App. 3d at 821.

We granted defendant's petition for leave to appeal pursuant to Supreme Court Rules 315 and 612(b) (210 Ill. 2d Rs. 315, 612(b)).

## ANALYSIS

Before this court, defendant argues, as he did below, that the circuit court erred in finding that his "Motion to Correct Sentence" was a "lawsuit" within the meaning of section 3–6–3(d). Defendant also points to the appellate court's conclusion that the circuit court treated his motion as a petition for postconviction relief. According to defendant, any characterization of his motion as a postconviction petition was improper because the circuit court failed to adhere to the procedures that *Shellstrom* held must be followed when recharacterizing a *pro se* pleading as a first postconviction petition.

Defendant does not challenge the circuit court's denial of his motion to correct sentence, nor does he challenge the court's finding that his motion was frivolous and patently without merit.

Before we can address the parties' arguments, we first must note a potential jurisdictional defect that we uncovered in our review of the record. As previously indicated, defendant's notice of appeal referred only to the circuit court's judgment of conviction on November 10, 2004,[2] rather than the court's order denying his motion for sentence correction on February 21, 2006. This thus raises the threshold question of whether defendant's notice of appeal effectively conferred jurisdiction on the appellate court to consider the circuit court's order of February 21, 2006.

The filing of a notice of appeal "is the jurisdictional step which initiates appellate review." *Niccum v. Botti, Marinaccio, Desalso & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998), citing 155 Ill. 2d R. 301. Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it. See *People v. Anderson*, 375 Ill. App. 3d 121, 131 (2006). It is thus essential, in

---

[2]As noted, defendant previously challenged his conviction on direct appeal, and the appellate court affirmed. *People v. Smith*, No. 4–05–0104 (2005) (unpublished order under Supreme Court Rule 23).

the case at bar, that we address the sufficiency of defendant's notice of appeal, even though the issue has not been raised previously in this case. A reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them. *People v. Gargani*, 371 Ill. App. 3d 729, 731 (2007).

Supreme Court Rule 303(b)(2) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." 210 Ill. 2d R. 303(b)(2). Illinois courts have held that a notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the notice of appeal. *Illinois Health Maintenance Organization Guaranty Ass'n v. Shapo*, 357 Ill. App. 3d 122, 148 (2005); *Citizens Against Regional Landfill v. Pollution Control Board*, 255 Ill. App. 3d 903, 909 (1994).

We note that, while a notice of appeal is jurisdictional, it is generally accepted that such a notice is to be construed liberally. *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 229 (1991); *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). The purpose of a notice of appeal is to inform the prevailing party in the trial court that the other party seeks review of the judgment. *Lang*, 222 Ill. App. 3d at 229; *Burtell*, 76 Ill. 2d at 433; *McMahon v. McMahon*, 97 Ill. App. 3d 448, 449-50 (1981). "Accordingly, notice should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal." *Lang*, 222 Ill. App. 3d at 229. "Where the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal." *Lang*, 222 Ill. App. 3d at 230.

Defendant's notice of appeal, no matter how liberally construed, cannot be said to have fairly and adequately set out the judgment complained of–the court's order of February 21, 2006–or the relief sought. The notice not only failed to mention the February 21, 2006, order; it specifically mentioned a different judgment, and only that judgment. This was more than a mere defect in form. Defendant's notice failed to apprise the State of the nature of the appeal. The notice, as it appears in the record, failed to confer jurisdiction on the appellate court to hear defendant's appeal.

In the record before us, there is no indication that defendant moved to amend his notice of appeal pursuant to Supreme Court Rule 303(b)(5) (210 Ill. 2d R. 303(b)(5)). Rule 303(b)(5) provides:

> "The notice of appeal may be amended without leave of court within the original 30-day period to file the notice as set forth in paragraph (a) above. Thereafter it may be amended only on motion, in the reviewing court, pursuant to paragraph (d) of this rule. Amendments relate back to the time of the filing of the notice of appeal." 210 Ill. 2d R. 303(b)(5).

If defendant did amend his notice, the jurisdictional defect might have been corrected. It is thus unclear whether the appellate court might have acquired jurisdiction to review defendant's appeal.

We therefore remand the cause to the appellate court to consider the jurisdictional question that we have raised with regard to defendant's notice of appeal. Any further action by this court regarding defendant's appeal must await a response by the appellate court on this jurisdictional question.

We take this opportunity to remind our appellate court of the importance of ascertaining whether it has jurisdiction in an appeal. "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Indeed, the ascertainment of its own jurisdiction is one of the two most important tasks of an appellate court panel when beginning the review of a case. The other is to determine which issue or issues, if any, have been forfeited. By giving careful attention to each of these tasks, a court can avoid the possibly unnecessary expenditure of judicial resources.

In light of our disposition of this appeal, we cannot consider any of defendant's arguments at this time.

### CONCLUSION

We remand the cause to the appellate court to consider the jurisdictional question that we have raised with regard to defendant's notice of appeal.

*Remanded with directions.*