NO. 4-06-0274

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from
          Plaintiff-Appellee,           )    Circuit Court of
          v.                            )    Champaign County
EDWARD J. SMITH,                        )    No. 03CF2166
          Defendant-Appellant.          )
                                        )    Honorable
                                        )    Thomas J. Difanis,
                                        )    Judge Presiding.
_____

MODIFIED UPON DENIAL OF REHEARING

JUSTICE TURNER delivered the opinion of the court:

The Supreme Court of Illinois has remanded this cause

to our court to address a jurisdictional question it raised with

regard to defendant's notice of appeal.  We address the supreme

court's question and vacate our March 13, 2007, opinion.

I. BACKGROUND

On November 10, 2004, pursuant to a plea agreement,

defendant, Edward J. Smith, pleaded guilty to possession of a

controlled substance with the intent to deliver (720 ILCS

570/401(c)(2) (West 2002)), and the trial court sentenced him to

10 years' imprisonment.  After a January 31, 2005, hearing, the

court denied defendant's amended motion to withdraw his guilty

plea, and defendant appealed.  In November 2005, this court

affirmed the trial court's judgment.  People v. Smith, No. 4-05-

0104 (November 1, 2005) (unpublished order under Supreme Court

Rule 23).

In February 2006, defendant filed a pro se pleading entitled "motion to correct sentence," in which he argued his two-year term of mandatory supervised release (MSR) (actually a three-year term (see 730 ILCS 5/5-8-1(d)(1) (West 2002))) was void because it was unconstitutional. Defendant requested the trial court to "encompass" his MSR term into his sentence. On 21, 2006, the court sua sponte denied the motion, noting the pleadings were "frivolous and patently without merit." The court also sent a letter to the warden of the prison where defendant was housed, informing the warden of its finding and noting section 3-6-3(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(d) (West Supp. 2003)) with regard to defendant's good-conduct credit.

On March 20, 2006, defendant filed a notice of appeal. The notice of appeal listed the date of judgment appealed as November 10, 2004, and labeled the nature of the order appealed as a "conviction." In a March 21, 2006, docket entry, the trial court directed the circuit clerk to prepare and file a notice of appeal and appointed OSAD to represent defendant. In a written order dated March 21, 2006, and filed March 23, 2006, the trial court appointed OSAD to represent defendant and ordered the circuit clerk to prepare a notice of appeal. On March 23, 2006, the circuit clerk filed a document certifying she sent a copy of

- 2 -

the attached notice of appeal to various offices, including this court. A notice of appeal was not attached to the copy of the circuit clerk's certification in the appellate record, and this court's records indicate we only received defendant's pro se notice of appeal.

On appeal, defendant contended the trial court erred by finding his February 2006 "motion to correct sentence" was a "lawsuit" as defined by section 3-6-3(d)(2) of the Unified Code (730 ILCS 5/3-6-3(d)(2) (West Supp. 2003)). While this court always examines the record to verify our jurisdiction, we have normally, in the past, only expressly addressed our jurisdiction when raised by the parties or when we have lacked jurisdiction. Since defendant's appeal is in a criminal matter and the rules governing criminal appeals also apply to postconviction proceedings (see 134 Ill. 2d R. 651(d)), this court believed it had jurisdiction under Supreme Court Rule 606 (210 Ill. 2d R. 606), which only requires substantial compliance with the form notice set forth in subsection (d) of that rule (210 Ill. 2d R. 606(d)). Moreover, we note the facts of this case clearly indicate what order the pro se defendant was appealing, and the State, as appellee, has never made a claim to the contrary. Thus, we entered an opinion that found defendant's motion to correct sentence was a postconviction petition, rejected defendant's "lawsuit" argument, and affirmed the trial court's

- 3 -

dismissal.  <u>People v. Smith</u>, 371 Ill. App. 3d 817, 820-21, 867 N.E.2d 1150, 1153-54 (2007).

Defendant filed a petition for leave to appeal to the Supreme Court of Illinois, which that court granted.  <u>People v. Smith</u>, 224 Ill. 2d 589, 871 N.E.2d 60 (2007).  Citing Supreme Court Rule 303(b)(2) (210 Ill. 2d R. 303(b)(2)), the supreme court found defendant's March 20, 2006, <u>pro</u> <u>se</u> notice of appeal was deficient and did not confer jurisdiction on this court to review defendant's appellate contentions.  <u>People v. Smith</u>, 228 Ill. 2d 95, 104-05, 885 N.E.2d 1053, 1058-59 (2008).  The court further noted that if defendant had filed an amended notice of appeal under Rule 303(b)(5) (210 Ill. 2d R. 303(b)(5)), the jurisdictional defect might have been corrected and the appellate court might have acquired jurisdiction.  <u>Smith</u>, 228 Ill. 2d at 105, 885 N.E.2d at 1059.  Thus, the supreme court remanded the cause to this court to consider the jurisdictional question it raised regarding defendant's notice of appeal.  <u>Smith</u>, 228 Ill. 2d at 105-06, 885 N.E.2d at 1059.  On March 24, 2008, the supreme court denied a petition for rehearing.  We now address the supreme court's question.

## II. ANALYSIS

### A. Motion Taken with the Case

On remand, defendant filed a motion to order the trial court to amend the notice of appeal <u>nunc</u> <u>pro</u> <u>tunc</u> to reflect the

- 4 -

exact nature and date of the appealed order. In the alternative, defendant requested this court to allow him to brief the issue of jurisdiction.

Given the procedural posture of this case, we decline to entertain defendant's motion and thus dismiss it. First, we note defendant raised similar arguments in his petition for rehearing in the supreme court, and the supreme court denied the petition. Moreover, the supreme court remanded the cause with specific instructions to ascertain whether an amended notice of appeal was filed and did not instruct us to entertain a motion to cure the defect it found. Further, while we originally concluded this court had jurisdiction under Rule 606, the supreme court's analysis cites Rule 303(b)(2) (210 Ill. 2d R. 303(b)(2)) and cases that address Rule 303(b)(2). See Smith, 228 Ill. 2d at 104-05, 885 N.E.2d at 1058-59. Thus, we do not construe the supreme court's opinion as authorizing us to conclude we were vested with jurisdiction under Rule 606.

### B. Amendment

As stated, the supreme court has remanded the cause for an answer to a very specific question, whether defendant amended his notice of appeal under Rule 303(b)(5) (210 Ill. 2d R. 303(b)(5)). The record on appeal contains only one notice of appeal, which is defendant's pro se notice of appeal.

We do note that, on the day after defendant filed his

- 5 -

March 20, 2006, pro se notice of appeal, the trial court ordered the circuit clerk to prepare and file a notice of appeal on defendant's behalf. Under Rule 303(a)(1) (210 Ill. 2d R. 303(a)(1)), defendant had until March 23, 2006, to file a timely notice of appeal. Even if the circuit clerk had filed a notice of appeal but not designated it as an amended notice, we could have regarded it as such since, under Rule 303(b)(5) (210 Ill. 2d R. 303(b)(5)), an appellant may amend the notice of appeal without leave of court within the period for filing the notice of appeal. See Hammond v. Firefighters Pension Fund, 369 Ill. App. 3d 294, 302, 859 N.E.2d 1094, 1100 (2006). However, neither the record on appeal nor our court file contains a notice of appeal prepared by the circuit clerk. Thus, we find an amended notice of appeal was not filed in this case.

Accordingly, based on the supreme court's opinion, we lacked jurisdiction to entertain defendant's appeal from the February 16, 2006, summary dismissal of his motion to correct sentence, and our prior opinion should be vacated.

### III. CONCLUSION

For the reasons stated, we find defendant did not file an amended notice of appeal. Thus, under the supreme court's decision in Smith, 228 Ill. 2d at 106, 885 N.E.2d at 1059, our March 13, 2007, opinion addressing defendant's appeal is vacated for lack of jurisdiction.

Question answered and opinion vacated.

- 6 -

APPLETON, P.J., and McCULLOUGH, J., concur.