2022 IL App (1st) 210361-U

No. 1-21-0361

Order filed March 28, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| ROSELLA ELLIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M1 119130 |
| | ) | |
| GARY FELTON, | ) | Honorable |
| | ) | Regina A. Mescall, |
| Defendant-Appellee. | ) | Judge, presiding. |

---

JUSTICE WALKER delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Plaintiff's appeal is dismissed for lack of jurisdiction because she failed to file a timely notice of appeal.

¶ 2   Plaintiff Rosella Ellis appeals from the trial court's order entering judgment in favor of defendant Gary Felton in a breach of contract action.[1] On appeal, Ellis argues the trial court erred

---

[1] While plaintiff's *pro se* complaint and *pro se* notice of appeal identify the parties as "Rosella Ellis, et., al [*sic*]" and "Gary Felton, et., al [*sic*]," the record reflects that Rosella Ellis and Gary Felton are the only named parties.

in finding she had no contract with Felton, showed favoritism by not considering her motion regarding Felton's failure to file an appearance, and improperly allowed Felton's witness to testify in Felton's presence despite objection. We dismiss the appeal for lack of jurisdiction.

¶ 3                                    **BACKGROUND**

¶ 4     The record on appeal lacks a transcript of proceedings, bystander's report, or agreed statement of facts. The following background is gleaned from the common law record, including the complaint, the trial court's judgment, a *pro se* "motion by Rosella Ellis for Failure to File Appearance," and the notice of appeal.

¶ 5     On October 9, 2020, Ellis filed a *pro se* complaint against Felton, alleging breach of contract. Ellis asserted that in December 2018, she was a member of Salvation Army's Home League (Salvation Army). She maintained that a written agreement "was entered into" under which Felton would give her a $25 Christmas gift, and in turn, she would give a gift to a Salvation Army member. She claimed Felton "did not hold up to his part of the bargain" and gave her a "picture" instead of a "gift card or cash." Ellis asked Felton "several times" for a receipt so she could exchange the gift or obtain a refund, but he refused. Felton then "harassed" her in front of other Salvation Army members, causing her "great stress and alienation."

¶ 6     On February 23, 2021, after trial, the court entered judgment in favor of Felton. On March 31, 2021, Ellis filed a *pro se* document titled "motion by Rosella Ellis for Failure to File Appearance," which contained no factual allegations or request for relief. That same date, she also filed a *pro se* notice of appeal in the trial court. Ellis did not request leave from this court to file a late notice of appeal.

¶ 7    On November 5, 2021, this court entered an order taking the case on Ellis's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 8                                                  **ANALYSIS**

¶ 9    On appeal, Ellis argues the trial court erred in finding no contract between the parties, showed favoritism by not considering her motion regarding Felton's failure to file an appearance, and improperly allowed Felton's witness to testify in Felton's presence despite objection.

¶ 10    We note that Ellis's *pro se* brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), as it neither sets forth the facts of the case "with appropriate reference to the pages of the record on appeal" nor supports her argument with citation to relevant legal authority.

¶ 11    Supreme court rules are not mere suggestions, but rather, have the force of law. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010). This court will not apply a more lenient standard for *pro se* litigants. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures."); see also *People v. Fowler*, 222 Ill. App. 3d 157, 163 (1991) ("A *pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants."). "This court has the discretion to strike an appellant's brief and dismiss an appeal for failure to comply with Rule 341." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77.

¶ 12    Irrespective of the deficiencies in plaintiff's brief, however, we lack jurisdiction to consider her appeal.

¶ 13    This court has an independent duty to determine its jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The filing of a notice of appeal "is the jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *Id.* Absent a timely notice of appeal, this

court lacks jurisdiction (*Parker v. Liberty Insurance Underwriters, Inc.*, 2022 IL App (1st) 200812, ¶ 29), and must dismiss the appeal (*Smith*, 228 Ill. 2d at 104).

¶ 14    Illinois Supreme Court Rule 303 sets forth the requirements for perfecting civil appeals. Rule 303(a)(1) requires a notice of appeal to be filed within 30 days after the entry of a final judgment. Ill. S. Ct. R 303(a)(1) (eff. July 1, 2017). If a postjudgment motion directed against the final judgment is timely filed, the notice of appeal must be filed within 30 days after the entry of the order disposing of that motion.[2] *Id.* A party may file a motion in the appellate court for leave to file a late notice of appeal "within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 15    Here, the trial court entered judgment for Felton on February 23, 2021, and Ellis did not file her notice of appeal until March 31, 2021, beyond the 30-day period. Ellis did not move for leave to file a late notice of appeal. Accordingly, we lack jurisdiction to consider the merits of her appeal and must dismiss it. See *Smith*, 228 Ill. 2d at 104 (absent a timely filed notice of appeal, a reviewing court lacks jurisdiction to consider issues relating to any part of the ruling and must dismiss the appeal).

¶ 16                                          **CONCLUSION**

¶ 17    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 18    Appeal dismissed.

---

[2] To the extent the *pro se* "motion by Rosella Ellis for Failure to File Appearance" could be considered a postjudgment motion, though it contains no clear request for relief, the motion was untimely filed beyond 30 days after the final judgment. See *Wilk v. Wilmorite, Inc.*, 349 Ill. App. 3d 880, 883 (2004) (a posttrial motion must be filed within 30 days of a final judgment, and "the trial court will lose jurisdiction to modify or vacate the final order that it entered after the lapse of 30 days").