2022 IL App (1st) 180882-U

SIXTH DIVISION
May 13, 2022

No. 1-18-0882

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 07 CR 18083 (01) |
| | ) | |
| LYNNESIA HILES-SLOAN, | ) | The Honorable |
| | ) | Thomas Joseph Hennelly, |
| Petitioner-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss petitioner's appeal where she did not file a timely notice of appeal from the circuit court's denial of her section 2-1401 petition.

¶ 2    Petitioner, Lynnesia Hiles-Sloan, appeals from the circuit court's *sua sponte* denial of her section 2-1401(b-5) petition (735 ILCS 5/2-1401(b-5) (West 2018)) for relief from her 58-year prison sentence for murder and for a new sentencing hearing. We dismiss for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4    In May 2012, petitioner pleaded guilty to one count of first degree murder in connection with the death of her daughter, Shavon. The State presented the following factual basis for the

plea. In August 2007, Shavon was 13 years old. Shavon was blind and severely learning disabled. On August 3, 2007, while at petitioner's home, petitioner's husband, Gabriel Sloan[1]—who was not Shavon's biological father—slammed Shavon to the ground, threw her against a wall, and hit her head against the floor. Petitioner grabbed Shavon by the hair, threw her through a door, and hit Shavon with an extension cord and a wooden board, leaving Shavon unresponsive. A service person was in the home, and neither petitioner nor Gabriel called 911 until the service person left. Petitioner and Gabriel hid the wooden board in an alley a block from the home, which police officers later recovered after petitioner showed them the board's location. Shavon was taken to the hospital where she was pronounced dead. Shavon had suffered extensive external and internal injuries and was malnourished. The medical examiner declared Shavon's death a homicide.

¶ 5     The circuit court considered evidence in aggravation and mitigation, a presentence investigation report, a victim impact statement from Shavon's biological father, and petitioner's apology to the court, although those materials are not included in the record before us. The circuit court sentenced petitioner to 58 years in prison. The circuit court denied a subsequent motion to withdraw the plea, and petitioner did not appeal.

¶ 6     In December 2017, petitioner filed the *pro se* section 2-1401 petition at issue in this appeal and made the following assertions. She was a "battered woman" who was physically abused by Gabriel. The abuse began in December 1999, and two of petitioner's sons, as well as her mother-in-law, witnessed the abuse. Petitioner felt responsible for Gabriel's physical abuse of Shavon. She pleaded guilty "not knowing that [Gabriel's] actions did not cause [Shavon's] death." In August 2013 and February 2014, petitioner's husband's attorney, Brendan Max, visited petitioner in prison

---

[1]A jury found Gabriel guilty of murder and he was sentenced to 50 years' imprisonment. We affirmed his conviction on direct appeal over his contention that he received ineffective assistance of trial counsel. *People v. Sloan*, 2016 IL App (1st) 142257-U.

and informed her that a second autopsy revealed that Shavon died from dehydration and that she "was not starved to death, abused or murdered." Max showed her a copy of the second autopsy report but never gave her a copy. Petitioner asserted that, under Public Act 99-384 (eff. Jan. 1, 2016) (amending 735 ILCS 5/2-1401), she was "entitled to a new sentencing hearing using my abuse as a mitigating factor."[2] Upon her incarceration, petitioner was diagnosed with post-traumatic stress disorder, depression, and anxiety disorder, and she believed she suffered from those conditions prior to her incarceration. Had the sentencing court known of these facts, she might have received a lesser sentence. Finally, her petition was timely due to changes in the law. According to the certificate of service, petitioner mailed the petition, along with a motion to appoint counsel, to the clerk of court and the State's Attorney's office on December 8, 2017, by placing the petition in the mail at the Logan Correctional Center.

¶ 7     On February 6, 2018, the circuit court, in open court with an assistant state's attorney and assistant public defender present, stated it reviewed the petition and considered it to be frivolous and patently without merit. On March 7, 2018, the clerk of the circuit court mailed the notice of dismissal to petitioner. On March 29, 2018, petitioner mailed a notice of appeal to the clerk of the circuit court, which was filed-stamped on April 4, 2018. In her notice of appeal, petitioner

---

[2]Public Act 99-84 added section 2-1401(b-5) of the Code of Civil Procedure, which permits a petitioner to seek relief from a final judgment where

"(1) the movant was convicted of a forcible felony;

(2) the movant's participation in the offense was related to him or her previously having been a victim of domestic violence as perpetrated by an intimate partner;

(3) no evidence of domestic violence against the movant was presented at the movant's sentencing hearing;

(4) the movant was unaware of the mitigating nature of the evidence of the domestic violence at the time of sentencing and could not have learned of its significance sooner through diligence; and

(5) the new evidence of domestic violence against the movant is material and noncumulative to other evidence offered at the sentencing hearing, and is of such a conclusive character that it would likely change the sentence imposed by the original trial court." 735 ILCS 5/2-1401(b-5) (West 2018).

erroneously asserted that the date of the judgment order appealed from was March 2, 2018, even though the circuit court denied her petition on February 6, 2018.

¶ 8                                     II. JURISDICTION

¶ 9      We have an independent duty to ascertain our jurisdiction, regardless of whether the parties contest it. In the absence of a timely filed notice of appeal, this court lacks jurisdiction and must dismiss the appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). As we have been cautioned by our supreme court, " '[a] reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action.' " *Id.* at 106 (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 182 Ill. 2d 153, 159 (1998)).

¶ 10      Here, petitioner asserts we have jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 304(b)(3) (eff. Mar. 8, 2016). She asserts that the circuit court denied her section 2-1401 petition on February 6, 2018, and that her notice of appeal was filed on March 29, 2018, when she placed her notice of appeal in the mail, which was within 30 days of the clerk of court's mailing notice of the circuit court's denial order. She does not argue—or cite any authority to support her implicit assertion—that the time for filing a notice of appeal began to run when she received notice of the circuit court's denial order. The State's appellate brief does not address our jurisdiction in any manner.

¶ 11      On its face, petitioner's notice of appeal was untimely. Our supreme court's rules require an appellant to file a notice of appeal within 30 days of the circuit court's final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); R. 304(b) (Mar. 8, 2016). Our supreme court has explained that a circuit court's judgment is effective when the circuit court signs the order and files it with the clerk of court, regardless of whether a party has notice of the order. *Granite City Lodge No. 272 v. City of Granite City*, 141 Ill. 2d 122, 126-27 (1990). As such, the time for filing a notice of

appeal begins to run when the circuit court enters its judgment, not when a party receives notice of the judgment. Here, the circuit court entered its order denying petitioner section 2-1401 petition on February 6, 2018. Petitioner's notice of appeal was therefore due no later than March 8, 2018. Ill. S. Ct. R. 303(a)(1). Her notice of appeal was not filed until March 29, 2018, when she placed her notice of appeal in the mail. On its face, petitioner's notice of appeal was untimely.

¶ 12 Further, petitioner did not file a motion in this court for leave to file a late notice of appeal. Rule 303(d) provides that,

> "On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." Ill. S. Ct. R. 303(d).

¶ 13 Plaintiff did not file any motion in this court seeking leave to file a late notice of appeal. Instead, she mailed her notice of appeal to the clerk of the circuit court on March 29, 2018. Her notice of appeal was untimely and did not vest this court with jurisdiction. We must dismiss petitioner's appeal for lack of jurisdiction.

¶ 14 We urge petitioner to seek a supervisory order from our supreme court instructing this court to treat her notice of appeal as timely.[3] It is evident that petitioner wished to appeal the denial of her section 2-1401 petition and attempted to do so in a timely fashion: she diligently prepared and mailed her *pro se* notice of appeal within 30 days of receiving notice that her petition had been denied. Unfortunately for petitioner, the clerk of the circuit court did not mail notice of the circuit

---

[3]We express no opinion on the merits of petitioner's appellate arguments.

court's denial order to petitioner until the time for filing a notice of appeal had nearly expired. In our view, the record plausibly demonstrates a reasonable excuse for failing to timely file a notice of appeal. But in the absence of a timely filed notice of appeal or a timely filed motion in this court for leave to file a late notice of appeal, we have no jurisdiction over petitioner's appeal.

¶ 15                                       III. CONCLUSION

¶ 16     For the foregoing reasons, petitioner's appeal is dismissed for lack of jurisdiction.

¶ 17     Appeal dismissed.