2022 IL App (1st) 210029-U

FIFTH DIVISION
June 17, 2022

Nos. 1-21-0029 & 1-21-0030 (Cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of Cook County. |
| | ) | |
| v. | ) | 87 CR 8638 (03) (01) |
| | ) | |
| ARTHUR ALMENDAREZ & | ) | Honorable Timothy Joyce, |
| JOHN GALVAN, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellants. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

*Held:* Appeal dismissed for lack jurisdiction because the circuit court's order taking the case "off call" was not a final and appealable order.

¶ 1    Defendants, Arthur Almendarez and John Galvan, appeal from the circuit court's order denying their motions to suppress evidence. The procedural history of this case is complex and has been discussed at length in past orders of this court. See *People v. Almendarez*, 2020 IL App (1st) 170028; *People v. Galvan*, 2019 IL App (1st) 170150; *People v. Almendarez*, 2013 IL App (1st) 100306-U; *People v. Galvan*, 2012 IL App (1st) 100305-U; *People v. Almendarez*, 266 Ill.

App. 3d 369 (1994); *People v. Galvan*, 244 Ill. App. 3d 298 (1993). Accordingly, we will only briefly address the background of this case and limit our discussion largely to those events that have transpired since our latest decisions in *Galvan*, 2019 IL App (1st) 170150, and *Almendarez*, 2020 IL App (1st) 170028. For the following reasons, we dismiss this appeal for lack of jurisdiction.

¶ 2                                    I. BACKGROUND

¶ 3      On September 21, 1986, at approximately 4 a.m., there was a fire at 2603 West 24th Place in Chicago that killed two young men, Guadalupe and Julio Martinez, both of whom resided with their family in the upstairs apartment of the building. Their siblings, Blanca and Jorge Martinez, escaped. Investigators suspected arson. Galvan, Almendarez, and Francisco Nanez were arrested nine months after the fire. They were charged with aggravated arson and first degree murder

¶ 4      Prior to trial, defense counsel for both Galvan and Almendarez filed motions to quash arrest and suppress their confessions. In the motions, they argued that they were abused by two detectives: Victor Switski and James Hanrahan. They contended that they were told they could go home if they signed statements.

¶ 5      At the hearing on the motions, Detectives Switski and Hanrahan denied that any physical abuse occurred and denied that they told the suspects that they could go home if they signed a statement. The circuit court denied the motions.

¶ 6      Following separate jury trials, Galvan and Almendarez were each convicted of aggravated arson and first degree murder. They were each sentenced to natural life in prison without parole.

¶ 7    Almendarez and Galvan both filed postconviction petitions alleging actual innocence and newly discovered evidence of police coercion. The circuit court denied these claims, but we reversed for a third-stage evidentiary hearing.

¶ 8    A joint evidentiary hearing was held over the course of 14 days, where 23 witnesses were presented. The details of that hearing are discussed at length in *Galvan*, 2019 IL App (1st) 170150, ¶¶ 19-55, and *Almendarez*, 2020 IL App (1st) 170028, ¶¶ 12-57. At the close of evidence, the circuit court found that Galvan and Almendarez did not meet the necessary burden of proof to entitle them to postconviction relief. The court found that the witnesses were not credible and that their testimony did not lead to any conclusion that had the pattern of police misconduct testimony been presented at their pretrial hearings on their motions to suppress their confessions, such motions would have been granted.

¶ 9    On appeal, we found that the circuit court's conclusion was manifestly erroneous. *Galvan*, 2019 IL App (1st) 170150, ¶ 74, and *Almendarez*, 2020 IL App (1st) 170028, ¶ 76. We stated that the new evidence presented, when weighed against the State's original evidence, was conclusive enough that the outcome of the suppression hearing likely would have been different if the detectives had been subject to impeachment based on the pattern of abusive tactics the witnesses testified about. *Id*. We reversed and remanded with directions that Galvan and Almendarez receive a new suppression hearing and, if necessary, a new trial. *Id*.

¶ 10    On remand, the circuit court stated that it would consider all witness testimony that it heard during the third-stage post-conviction evidentiary hearing, but not the transcripts from the original pretrial hearing on the motions to suppress.

¶ 11    At the new suppression hearing, Annette Faklis Moriarty testified that she was working as a court reporter for the Cook County State's Attorney's Office on June 8, 1987. She did not

3

have an independent recollection of the events on that date, but recognized the court-reported statement that she took on that date. She also recognized the picture of Galvan that she took at Area 4 Violent Crimes at approximately 12:10 a.m. In the 30 years she was employed with the Cook County State's Attorney's Office, she was never alone in a room with a defendant. If she saw signs of abuse on somebody, she would have complained to her supervisor. She testified that she did not see signs of abuse in Galvan's photograph.

¶ 12     On cross-examination, Moriarty testified that her standard procedure was to take a statement, then give it to the State's Attorney, and then take a picture. Everyone who was in the room signed the picture. Moriarty testified that it appeared that ASA Joel Leighton and Detective Switski signed Galvan's picture as well. Moriarty stated that other than recognizing her handwriting and her initials, she did not have any independent memory of being at Area 4 Violent Crimes on June 8, 1987.

¶ 13     Almendarez testified that Moriarty was not the court reporter that was present when he gave his statement on June 8, 1987.

¶ 14     In closing argument, the State asked that the circuit court deny the motion to suppress both statements. It noted that nothing is "amiss" about the statement or photograph of Galvan, and that the pictures do not demonstrate "any kind of abuse or torture because it is a pure fiction that has been growing for 35 years." The State argued that in the photographs, the defendants are smiling, which shows they were not abused.

¶ 15     Defense counsel argued that the defendants were smiling in the photographs because they were relieved. They had been told they were going home if they gave a statement. Defense counsel noted that at a suppression hearing, the State's burden is to prove by a preponderance of the evidence that the statement is voluntary, and the State did not meet that burden here.

¶ 16     On December 17, 2020, the trial denied Galvan and Almendarez's motion to suppress statements. The court noted that at the third-stage evidentiary hearing under the Act, Galvan and Almendarez had the burden to prove by a preponderance of the evidence that they were entitled to constitutional relief, and that at a suppression hearing, it was the State's burden to prove by a preponderance of the evidence that the statements made by Galvan and Almendarez were voluntary. The circuit court then found that the "State has done so. The motions will be respectfully denied." The circuit court then stated that the convictions and sentences would remain, and that "the matters can go off call." Galvan and Almendarez now appeal.

¶ 17                                      II. ANALYSIS

¶ 18     On appeal, Galvan and Almendarez argue that the circuit court erred in closing the case after denying their motion to suppress, and therefore denying them new trials.

¶ 19     First, we must consider whether we have jurisdiction. A reviewing court has an independent duty to consider its own jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Galvan and Almendarez suggest we have jurisdiction because they are appealing from a judgment denying their motions to suppress. They do not cite any Supreme Court Rule that arguably makes the circuit court's order appealable, but rather cite to case law dealing with situations where a reviewing court reserves its own jurisdiction. We find this case law to be inapposite to the situation presented here.

¶ 20     In our most recent decisions, we reversed the circuit court's orders denying Galvan's and Almendarez's third-stage postconviction petitions and remanded for a new suppression hearing. *Galvan*, 2019 IL App (1st) 170150, ¶ 79; *Almendarez*, 2020 IL App (1st) 170028, ¶ 78. Upon receipt of our mandate, the circuit court held a new suppression hearing and denied Galvan and Almendarez any relief. After doing so, the circuit court stated that the cases would be "off call,"

5

and that "one of two things could happen." The court indicated that Galvan and Almendarez could file a notice of appeal "or somehow get the matter back to the Appellate Court," or that they could "put it back on the call if there is something else I ought to reconsider or do differently." The court continued, "But, for the moment, I will consider that the matter is concluded, off call, and I will wait for you to tell me how you wish to proceed, however you wish to proceed, or not tell me and just file a notice of appeal without bringing it to my attention."

¶ 21     When this court reversed the circuit court's orders denying Galvan's and Almendarez's third-stage postconviction petitions, it logically followed that this court was vacating their convictions, as well as remanding for a new suppression hearing and trial, event though that relief was not explicitly stated. This court's stating that the matter was remanded for a new trial "if necessary," was intended to reflect that if the circuit court granted the motions to suppress, the State might abandon the prosecution for lack of admissible evidence. This court did not intend that if the circuit court denied the motions to suppress, that no new trial should take place. Accordingly, the circuit court's taking the matter "off call" left the need for a new trial unresolved and thus was not a final and appealable order.

¶ 22     While the parties have briefed the issue of whether the court properly denied the motion to suppress, we cannot comment on the outcome of the new suppression hearing at this time, as Illinois Supreme Court Rule 604(a)(1) (eff. Jul 1, 2017) does not permit a defendant to appeal from an order of a trial court denying a motion to suppress evidence until after conviction. See *People v. Johnson*, 208 Ill. 2d 118, 138 (2003); *People v. Kepi*, 65 Ill. App. 3d 327, 331 (1978).

¶ 23    Therefore, with the clarification that Galvan's and Almendarez's convictions were vacated in *Galvan*, 2019 IL App (1st) 170150 and *Almendarez*, 2020 IL App (1st) 170028, necessitating a new trial, we dismiss this appeal for lack of jurisdiction.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 26    Appeal dismissed.