NOTICE

Decision filed 03/25/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240034-U

NOS. 5-24-0034, 5-24-0035, 5-24-0036 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | Nos. 23-CF-1594, 23-CF-1579, |
| | ) | 23-CF-1211 |
| | ) | |
| TURHAN L. SIMS, | ) | Honorable |
| | ) | Brett N. Olmstead, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) We affirm the circuit court's detention orders in case Nos. 23-CF-1579 and 23-CF-1594, where the State met its required burden of proof.

(2) We dismiss defendant's appeal in appeal No. 5-24-0036 (case No. 23-CF-1211), where defendant failed to check any boxes and provided only generalized assertions, failing to indicate which issues defendant intended to raise on appeal.

¶ 2    Defendant, Turhan L. Sims, appeals the December 21, 2023, orders of the circuit court of Champaign County, denying him pretrial release pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); see also Pub. Act 102-1104, § 70 (eff.

---

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the reasons that follow, we affirm.

¶ 3                                    I. Background

¶ 4      On September 28, 2023, the State, in Champaign County case No. 23-CF-1211, charged defendant with one count of aggravated battery (720 ILCS 12-3.05(a)(1) (West 2020)), a Class 3 felony, for an incident on February 12, 2023, where defendant knowingly caused great bodily harm to Mark Harmon by striking Harmon multiple times, fracturing Harmon's face and spine. That same day, the State filed a petition to deny pretrial release. Defendant did not appear for his arraignment and a warrant was issued for his arrest.

¶ 5      On December 14, 2023, the State, in Champaign County case No. 23-CF-1579, charged defendant with three counts of first degree murder, for an incident on December 8, 2023, where defendant, without lawful justification and with the intent to do great bodily harm to Kadeem Moore, personally discharged a firearm, causing Moore's death (count I) (*id.* § 9-1(a)(1)); without lawful justification and knowing such actions would cause Moore's death, caused Moore's death (count II) (*id.*); and without lawful justification and knowing such acts created a strong probability of death or great bodily harm, shot on or about Moore's torso, causing his death (count III) (*id.* § 9-1(a)(2)). On December 19, 2023, the State filed a petition to deny pretrial release.

¶ 6      On December 19, 2023, the State, in Champaign County case No. 23-CF-1594, charged defendant with one count of aggravated battery (*id.* § 12-3.05(f)(1)), a Class 3 felony, for an incident on November 8, 2023, where defendant struck Rebecca Sims in the head with a deadly weapon, namely a heavy object. The State also charged defendant with one count of home invasion (*id.* § 19-6(a)(2)), a Class X felony, where defendant, on November 8, 2023, knowingly and

2

without authority, entered the dwelling place of Rebecca Lawrence and intentionally battered her, causing her injury.[2] On December 19, 2023, the State filed a petition to deny pretrial release.

¶ 7    On December 21, 2023, the circuit court held a detention hearing regarding case Nos. 23-CF-1211, 23-CF-1579, and 23-CF-1594, pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)).

¶ 8    The State, requesting the circuit court deny pretrial release and detain defendant, gave its proffer in each of the three cases as follows. In case No. 23-CF-1211, the State offered that three witnesses watched defendant severely beat his close friend, Harmon, after defendant became upset with Harmon for speaking with defendant's girlfriend outside his presence. Defendant caused great bodily harm to Harmon when defendant beat Harmon on the ground, causing Harmon to suffer a subdural hematoma of his left frontal lobe and fractures to his spine, left orbital bone, and jaw.

¶ 9    Next, in case No. 23-CF-1579, the State offered that defendant shot Moore three times in the chest, killing Moore, at the home where defendant temporarily resided. Six witnesses, including a female, who lived at the home, and five children, identified defendant as the shooter. Additionally, a neighbor produced a surveillance video that demonstrated Moore and the female involved in a "fight." At some point, defendant produced a gun and shot Moore, who "indicates [to defendant] 'you shot me,' to which the Defendant replies, 'I told you not to make me do this.' " Several days after the incident, defendant spoke to police. Defendant stated that Moore was shot after defendant left the residence, indicating that Moore and the female had a history of violence. Defendant then admitted that if he killed Moore, he shot him to defend the female.

---

[2]Presumably, Rebecca Sims and Rebecca Lawrence are the same person. During the December 21, 2023, detention hearing, the State provided its factual basis for case No. 5-23-1594, at which time the State referred to "the victim," who defendant battered after defendant entered the victim's residence without authority.

¶ 10    Lastly, in case No. 23-CF-1594, the State offered that Rebecca, who only briefly knew defendant, allowed defendant to store belongings at her residence. After Rebecca missed several calls from defendant, defendant arrived at her residence and started to kick down her door. In response, Rebecca opened the door, at which time, defendant entered her home and locked the door behind him. Defendant then punched Rebecca in the face and head, causing her to fall to the ground. While on the ground injured, defendant struck Rebecca in the head multiple times with a metal cooking pot, causing lacerations to the right side of her head and eyebrow and bruising around her right eye and shoulder. Rebecca escaped defendant and locked herself in the bathroom.

¶ 11    The State then proffered multiple police reports that showed defendant engaged in violent behavior towards others on August 15, 2023, August 18, 2023, and November 10, 2023. Additionally, the State noted multiple prior violent offenses, including aggravated battery in 2005, battery in 2007, aggravated battery in 2009, and fleeing and eluding a police officer in 2015.

¶ 12    Following the State's proffer, counsel for defendant offered additional facts relating to case Nos. 23-CF-1579 and 23-CF-1594. In case No. 23-CF-1579, defense counsel stated that evidence demonstrated the female and Moore had an abusive relationship, and that Moore was in the process of beating her at the time Moore was shot. Additionally, in case No. 23-CF-1594, defendant took the position that he did not enter the victim's home without authority. Rather, defendant maintained that the victim allowed defendant to enter her home to obtain his belongings.

¶ 13    The circuit court then found, based upon all the information put forward, that the State proved by clear and convincing evidence that the proof was evident or the presumption great that defendant committed qualifying offenses in each case. The court noted that each case included a detainable offense, specifically aggravated battery causing great bodily harm (case No. 23-CF-1211), first degree murder (case No. 23-CF-1579), and home invasion (case No. 23-CF-1594), and

4

that witness testimony put defendant at the scene of the crime in all three offenses. Additionally, the court found that the State proved by clear and convincing evidence that no condition or set of conditions could mitigate the real and present threat that defendant posed to the safety of any person or persons or the community. The court stated that defendant had a lengthy criminal record and a pattern of violence that escalated throughout the year. Specifically, the court stated that defendant's presentence investigation report indicated multiple convictions for violent crimes, including battery, aggravated battery, domestic battery, aggravated fleeing and eluding a police officer, as well as two prior felony weapons offenses. Moreover, the court stated that defendant served four sentences in the Illinois Department of Corrections, including a five-year sentence for aggravated discharge of a firearm offense and a two-year sentence for possession of a firearm by a felon. The court also noted that it appeared from the presentence investigation report that defendant violated a prior felony probation order by committing domestic battery while on probation. The court determined that detaining defendant was warranted.

¶ 14    Following the hearing, the circuit court entered orders in each case, finding defendant committed a detainable offense and ordering defendant detained. The court determined that defendant posed a real and present danger or threat to persons or the community, posed a high likelihood of willful flight, and that no condition or combination of conditions would mitigate that threat or potential for willful flight. In each order, the court described its findings in detail, consistent with the State's factual proffer, as stated above.

¶ 15    Timely notices of appeal were filed in all three cases on January 2, 2024. In case No. 23-CF-1211 (appeal No. 5-24-0036), defendant utilized a notice of appeal form but did not check a single box for "Grounds for Relief" and "Imposing Conditions of Pretrial Release." Although no boxes were checked, defendant included generalized assertions under each ground for relief and

5

imposing condition of pretrial release. Next, in case Nos. 23-CF-1579 and 23-CF-1594 (appeal Nos. 5-24-0035 and 5-24-0034), defendant utilized a notice of appeal form and checked "Other," stating the following: "The court in making it's [*sic*] decision to detain the defendant also considered hearsay and information regarding uncharged conduct that had nothing to do with the charges the Defendant is currently facing." Defendant included generalized assertions under each ground for relief and imposing condition of pretrial release but did not check any other boxes. This court, on its own motion, consolidated the appeals for decision only. We now turn to the issues on appeal.

¶ 16                                      II. Analysis

¶ 17    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 18    The circuit court's ultimate determination regarding the denial of pretrial release is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59.

6

¶ 19    Here, in appeal No. 5-24-0036 (case No. 23-CF-1211), defendant utilized a standardized notice of appeal form but did not check a single box under "Grounds for Relief" and "Imposing Conditions of Pretrial Release." We note that defendant's notice of appeal also contains typed arguments under each potential claim of error on the standardized form, although defendant did not check the corresponding box for those claims. Some of the unchecked claims are clearly not applicable to defendant and it appears that general statutory assertions have been inserted regarding each available claim on the standardized form. The standardized notice of appeal form approved for Rule 604(h) appeals requires defendant to "check all that apply and describe in detail" any grounds for relief. Our supreme court has made clear that a notice of appeal is to be construed liberally and the failure to strictly comply with the form of notice is not fatal. See *People v. Smith*, 228 Ill. 2d 95, 104-05 (2008).

¶ 20    Previously, this court would have liberally construed the notice of appeal and found that defendant was raising an argument with regard to each claim. Our review of defendant's notice of appeal, however, in conjunction with other appeals arising out of the same county, reveals that the exact same wording was duplicated across cases. Thus, it becomes clear that defendant's notice of appeal, including the language contained in the lines provided as grounds for relief, is a form. We have encountered this form notice of appeal, containing boilerplate language in multiple appeals. With this in mind, we find that defendant's notices of appeal in appeal Nos. 5-24-0034 and 5-24-0035 (case Nos. 23-CF-1594, 23-CF-1579), where defendant both checked the box and provided argument, are the only two claims of error properly before this court. Therefore, we dismiss defendant's appeal in appeal No. 5-24-0036 (case No. 23-CF-1211).

¶ 21    We now address defendant's claims in appeal Nos. 5-24-0034 and 5-24-0035 (case Nos. 23-CF-1594, 23-CF-1579). On both notices of appeal, defendant checked "Other," with the

following description: "The court in making it's [*sic*] decision to detain the defendant also considered hearsay and information regarding uncharged conduct that had nothing to do with the charges the Defendant is currently facing." We find defendant's argument meritless.

¶ 22   Our colleagues in the First District recently determined that "the legislature has directed that '[t]he rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing' (725 ILCS 5/110-6.1(f)(2), (5) (West 2022))." *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 55. Rather, the Act "specifically permit[s] acceptable evidence to include hearsay, and proffers based on reliable information." *Id.* Moreover, "the evidence that is explicitly permitted by the Act includes hearsay, which may come from the complaining witness, police officers or other witnesses." *Id.* ¶ 57. "And that hearsay evidence can be sufficient to meet the State's burden of proof." *Id.* (" '[B]ased on the plain language of the statute, we believe it was the legislature's intent that [witness] statements would be sufficient proof that it was evident or the presumption great that the defendant committed the charged offense.' " (quoting *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 40)). With these principles in mind, the record reveals that the State proffered acceptable hearsay evidence of victims and several identification witnesses in each case, as well as reliable evidence of multiple police reports concerning defendant's past conduct, to prove that it was evident or the presumption great that defendant committed the charged offense.

¶ 23   Based on our review of the record, we find that the circuit court's factual findings were not against the manifest weight of the evidence and the court's ultimate determination to deny defendant's pretrial release was not an abuse of discretion. Accordingly, we affirm the circuit court's orders of December 21, 2023, in case Nos. 23-CF-1579 and 23-CF-1594.

¶ 24                                    III. Conclusion

¶ 25    Therefore, because the circuit court did not err in finding that the State met its burden, the circuit court's December 21, 2023, orders were not entered in error.


¶ 26    No. 5-24-0034, Affirmed.

¶ 27    No. 5-24-0035, Affirmed.

¶ 28    No. 5-24-0036, Appeal dismissed.